IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**ROBERT KEITH STEELMAN,**

       **Petitioner,**

v.                                            Case No.: 5:23-cv-00599

**FCI BECKLEY WARDEN,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Petitioner, Robert Steelman, filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking the application of his time credits earned under the First Step Act ("FSA"). (ECF No. 1). Pending before the court is Respondent's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment. (ECF No. 8). The Court entered a *Roseboro* Order explaining to Petitioner his right and obligation to respond to the dispositive motion, (ECF No. 10), but Petitioner chose not to file a response. This case is assigned to the Honorable Frank W. Volk, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, (ECF No. 8), be **GRANTED**; Steelman's petition, (ECF No. 1), be **DENIED**; and this matter be **DISMISSED**, with prejudice, and removed from the docket of the court.

1

I. **Relevant History**

Steelman is a federal inmate currently incarcerated in Federal Correctional Institution ("FCI") Beckley, with a projected release date of January 11, 2025. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/. Steelman filed the instant petition on August 31, 2023. (ECF No. 1 at 5). In his petition, Steelman seeks the application of his timed credits earned under the FSA. Steelman acknowledges that only inmates with minimum or low recidivism risk levels are categorically eligible to apply their earned time credits, and that his most recent assessment placed him at a high/medium risk level. (*Id.* at 3). However, Steelman argues that his most recent assessment was "erroneous and arbitrary." (*Id.*). He claims that he should have a low recidivism risk level, because, while incarcerated, he has completed or attempted to take any and all programs offered; he has not received any infractions; and he has maintained a job. (*Id.* at 4). He states it is "incomprehensible" that his recidivism risk level has not decreased, after he has completed evidence-based recidivism reduction programs and productive activities. (*Id.* at 3). Steelman requests this Court to order that FCI Beckley award him his FSA time credits. (*Id.* at 5).

On November 8, 2023, the undersigned entered an order directing Respondent to show cause why Steelman's requested relief should not be granted. (ECF No. 7). Respondent filed a motion to dismiss, or, in the alternative, motion for summary judgment, and accompanying memorandum of law on January 5, 2024. (ECF Nos. 8, 9). First, Respondent argues that Steelman is not eligible to apply FSA time credits, as he was most recently assessed to be at a high risk of recidivism, and the Warden has not approved an application for Steelman to apply his time credits. (ECF No. 8 at 2). Second, Respondent asserts that 18 U.S.C. § 3625 prohibits judicial review of release

eligibility determinations under the FSA. (ECF No. 8 at 3). Alternatively, even if judicial review is not precluded, Respondent argues that the implementation of regulations by the Federal Bureau of Prisons ("BOP") is entitled to great deference. (ECF No. 8 at 4). Finally, Respondent argues Steelman has no constitutional liberty interest in early release under the FSA. (ECF No. 8 at 5). Respondent attached to his motion a declaration by BOP paralegal Misty Shaw, detailing Steelman's PATTERN score, (ECF No. 8-1 at 2), and a redacted copy of Steelman's Individualized Needs Plan. (ECF No. 8-1 at 4–7). Steelman did not file a response to Respondent's motion.

## II.  Standard of Review

The pending motion is a motion to dismiss pursuant to Rule 12(b)(6), or, in the alternative, a motion for summary judgment pursuant to Rule 56. (ECF No. 8). Having reviewed the record, the undersigned concludes that there is no need to rely on any matters outside the pleadings, so Respondent's motion will be construed as a motion to dismiss. Rule 12(b)(6) tests the sufficiency of the complaint. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that, to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). In resolving the motion, the Court must assume that the facts alleged in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a

complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). The Court also considers any exhibits attached to the complaint and documents explicitly incorporated by reference. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Conner v. Cleveland Cnty., N. Carolina*, 22 F.4th 412, 428 (4th Cir. 2022) (citing *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016)).

To be clear, the purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). However, while the Court "take[s] the facts in the light most favorable to the plaintiff, … [the Court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).

Courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775

4

F.2d 1274, 1278 (4th Cir. 1985).

## II. Discussion

Steelman challenges his most recent recidivism risk-level assessment, which is preventing him from applying his earned FSA time credits towards early release. Most prisoners housed under the authority of the BOP are eligible to earn FSA time credits through evidence-based recidivism reduction ("EBRR") programs and productive activities. *See* 18 U.S.C. § 3632 (d)(4). Those credits may later be applied toward transfer to prerelease custody or supervised release. *Id.* However, prisoners are only eligible to apply their earned time credits if they have maintained a minimum or low recidivism risk level, or if they have demonstrated a recidivism risk reduction. 18 U.S.C. § 3624 (g)(1)(b). To be eligible for prelease custody or supervised release, a prisoner generally must have been recently assessed to be a minimum or low recidivism risk.[1] Thus, prisoners like Steelman, with a medium or high recidivism risk, are ineligible to apply FSA time credits. Steelman contends that his most recent recidivism assessment misclassified him as being a medium or high risk, and that he should have a low recidivism risk level, making him eligible to apply his time credits. (ECF No. 1 at 3).

As Respondent explains, a prisoner's recidivism risk level is determined by their PATTERN score—the Prisoner Assessment Tool and Targeting Estimated Risk and Needs. (ECF No. 9 at 3). The PATTERN tool is designed to predict an inmate's likelihood of reoffending three years post release. (*Id.*). For males, PATTERN includes fifteen factors: an inmate's current age; whether he has a Walsh conviction and/or committed a violent offense; his criminal history points; history of escapes and/or

---

[1] For supervised release, a prisoner must have a minimum or low recidivism risk level for his most recent assessment, and, for prerelease custody, for the last two assessments, or else had an application for transfer approved by the warden. 18 U.S.C. § 3624 (g)(1)(D).

violence; education score, such as whether the inmate is enrolled in a GED program or has the equivalent of a high school diploma; completion of drug treatment programs; all incident reports in the past 120 months, whether any were serious, and time period since last incident report; whether the inmate agreed to participate in the financial responsibility program; and the number of eligible activities and work programs the inmate completed. *See* Male PATTERN Risk Scoring, found at https://www.bop.gov/inmates/fsa/docs/male_pattern_form.pdf?v=1.3). Each factor is assigned a certain point value, which results in a general recidivism risk score and a violent recidivism risk score. (*Id.*) A prisoner's PATTERN scores place him in one of four recidivism risk categories: minimum, low, medium, or high. (ECF No. 9 at 4). The recidivism risk level, in turn, determines whether the prisoner is eligible to apply his earned FSA time credits.

    Steelman does not point to any mathematical or factual errors in the BOP's calculation of his PATTERN score and resulting recidivism risk level. Rather, Steelman contends that he is entitled to a reduction in his recidivism risk level, because he has completed appropriate programming and remained working and infraction-free while incarcerated. (*See* ECF No. 1 at 3—4). Steelman misunderstands the PATTERN risk assessment system. Completion of EBBR programs and productive activities does not guarantee a reduction in a prisoner's recidivism risk level. As stated above, an inmate's infraction history, work, and program completion are all included in the PATTERN score, but they are only part of the risk assessment system. The PATTERN tool also considers many other variables, including the inmate's age, criminal history, and participation in drug treatment. (ECF No. 9 at 4). Because the PATTERN score and recidivism risk level depend on the cumulative effect of fifteen variables, some

weighted more heavily than others, improvement in one or some variables may not ultimately reduce a prisoner's recidivism risk level. Steelman's behavior in prison and participation in programs, while commendable, have apparently not had a sufficient effect on his PATTERN score to reduce his recidivism risk level. The undersigned **FINDS** that Steelman has not demonstrated that his risk recidivism level was miscalculated. As such, his petition should be dismissed. *See Brown v. Hudson*, No. 22-3063-JWL, 2022 WL 2438380, at *5 (D. Kan., July 5, 2022) (dismissing habeas petition where petitioner challenged recidivism risk level but could not show that the assessment was improper).

Even if Steelman could show that his recidivism risk level was miscalculated, Title 18 U.S.C. § 3625 seems to prohibit judicial review of a prisoner's PATTERN score or recidivism risk level. As Respondent notes, 18 U.S.C. § 3625 excludes from judicial review "any determination, decision, or order" made under Chapter 229, subchapter C—§§ 3621–3626. (ECF No. 8 at 3). This subchapter includes the implementation of the risk and needs assessment system, 18 U.S.C. § 3621(h), and the BOP's eligibility determinations with respect to the application of FSA time credits. 18 U.S.C. § 3624(g)(1). Following § 3625, several courts, including another member of this Court, have found that PATTERN scores and recidivism risk levels are not subject to judicial review. *See Hicks v. Heckard*, No. 5:23-CV-00581, 2024 WL 833190, at *6 (S.D.W. Va. Feb. 1, 2024), *report and recommendation adopted*, No. 5:23-CV-00581, 2024 WL 818472 (S.D.W. Va. Feb. 27, 2024); *Nevel v. Brown*, No. 5:23-CV-285, 2023 WL 8505881, at *6 (N.D.W. Va. Oct. 27, 2023), *report and recommendation adopted*, No. 5:23-CV-285, 2023 WL 7490046 (N.D.W. Va. Nov. 13, 2023); *Newell v. Fikes*, No. 2:22-CV-53, 2023 WL 2543092, at *2 (S.D. Ga. Feb. 21, 2023), *report and*

*recommendation adopted*, No. 2:22-CV-53, 2023 WL 2541126 (S.D. Ga., Mar. 16, 2023). Therefore, even if Steelman could identify an error in his PATTERN score and resulting recidivism risk level, he would not be able to challenge that error in court.

Steelman vaguely disputes the BOP's interpretation of the FSA, (*See* ECF No. 1 at 3) ("FCI Beckley has misinterpreted the language of the First Step Act. [… T]his Court retains jurisdiction to correct such unlawful misinterpretation."), but he fails to identify any specific statutory language that the BOP has misinterpreted. To the extent Steelman may be challenging the PATTERN tool itself, other courts have upheld the BOP's use of the PATTERN tool against challenges that PATTERN does not accomplish the purposes of the FSA. *See Benson v. Carter*, No. CV PX-23-2326, 2024 WL 415345, at *3 (D. Md. Feb. 5, 2024) ("The BOP is permitted to implement a statutory scheme for which Congress has bestowed such authority, by way of BOP program statements.") (cleaned up); *Green v. Hudson*, No. 23-3115-JWL, 2023 WL 4374013, at *2 (D. Kan. June 29, 2023), aff'd, No. 23-3141, 2024 WL 960497 (10th Cir. Mar. 6, 2024) ("[T]here is no basis to conclude that the evaluation of those dynamic factors in the context of certain static factors violates [§ 3632(a)(4)] and renders the entire system faulty."); *Booker v. Williams*, No. 21-CV-00215-JPG, 2022 WL 4314362, at *4 (S.D. Ill. Sept. 19, 2022) ("The Court will defer to the DOJ's PATTERN methodology."). Steelman has not presented any facts or arguments demonstrating that the PATTERN tool is an inaccurate measure of recidivism risk, or that use of the PATTERN system violates any federal statute or constitutional provision. Because Steelman has not successfully challenged his recidivism risk score or identified any misinterpretation of the FSA by the BOP, the undersigned **FINDS** that he is not entitled to the relief he requests—the application of his FSA time credits. Accordingly, the petition should be dismissed for

8

lack of merit.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, (ECF No. 8), be **GRANTED**; Steelman's petition, (ECF No. 1), be **DENIED**; and this matter be **DISMISSED**, with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

9

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: April 5, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge